FERNANDO GALLARDO, Plaintiff and Appellee, *v.* DOMINGO QUINTANA, Defendant and Appellant.

No. 5416. Argued April 24, 1931.—Decided February 26, 1932.

*González Fagundo & González Jr.* for appellant. *P. Pérez Pimentel* and *F. Gallardo* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This is an appeal brought by the defendant, Domingo Quintana, from a judgment in favor of the plaintiff, Fernando Gallardo, in an action for the recovery of a piece of property of 11.94 acres, located in the ward of Candelero Abajo, municipal district of Humacao.

The grounds urged in support of the appeal are: that the judgment is contrary to law, and that it is against the weight of the evidence.

It appears from the evidence introduced by the appellee at the trial that the piece of property sought to be recovered is recorded in the registry of property in the name of appellee Gallardo as purchased by him, by public deed, from Herminio Cofresí to whom, according to the registry, it had been allotted in a deed of partition of a larger estate of which he was a co-owner, which estate was also recorded. The appellee also

presented certain portions of the record of the proceeding in which the partition of the larger estate owned in common had been approved and decreed. He further introduced a certified copy of a public deed whereby Herminio Cofresí sold, assigned, and transferred to Fernando Gallardo Díaz the property in question, together with all his rights and interests therein for a certain price the receipt of which was acknowledged, without any other stipulations. Two witnesses, Juan Cruz and the plaintiff Gallardo, testified that Francisco Santiago lives on the property but that it is Domingo Quintana who holds the possession thereof. Gallardo further testified that he wrote several letters to Quintana requesting him to vacate the property, and that Quintana then called on him and offered to purchase it, but the plaintiff refused to sell.

The evidence for the defendant consisted of his own testimony, in the course of which he stated that he did not own any property in the ward of Candelero Abajo of Humacao; that he is not in possession of the property claimed; that at one time he resided in the said ward as administrator or manager of Quintana & Co., a civil partnership which then owned and still owns land at that place; that personally he owns not a single acre of land in the said ward and that at present he does not reside there nor is he connected in any way with the partnership Quintana & Co.; that he does not remember having received the letters which Gallardo alleged he had written to him or having spoken to Gallardo and offered to buy the property from him. He submitted in evidence the public deed executed on August 5, 1920, whereby the civil partnership Quintana & Co. was constituted for a period of ten years to engage in the planting and cultivation of land and the harvesting of fruits, Domingo Quintana being one of the partners; and from this instrument it does not appear that the members of the partnership brought into the same any realty at all.

It may be seen from the foregoing that the appellee established his title to the piece of property claimed by him and

described for its identification, and that the appellant is in possession thereof, as shown by the testimony for the appellee which, although contradicted by the appellant, was believed by the lower court.

However, the appellant maintains that it does not appear from the evidence that Cofresí or Gallardo has had the possession of the property, and that it should have been shown that Herminio Cofresí took possession of the property when it was allotted to him in the partition of the estate held in common, and that in such case if he had lost the possession he might perhaps have brought an action of revendication when Gallardo purchased the property, but that neither of them ever had the possession or has been deprived of it; that it was established by the deed also introduced in evidence by Gallardo that he acquired the ownership of the property and that it was the duty of Cofresí to deliver the same to him; that there arises "the presumption of his title to the property, from his status as the owner thereof, his right of action to recover it," but that the very evidence submitted by the plaintiff destroys the presumption of delivery raised by the deed of sale.

The deed of partition of the common property and of allotment to Cofresí of the piece of property the object of this suit, as well as the conveyance to Gallardo, carried with it, by operation of law, the constructive delivery referred to in section 1365 of the Civil Code, which in its pertinent part reads as follows:

"When the sale should be made by means of a public instrument, the execution thereof shall be equivalent to the delivery of the thing which is the object of the contract, if in said instrument the contrary does not appear or may be clearly inferred."

Neither in the instrument of partition and allotment to Cofresí, nor in the deed of sale to Gallardo, is there any recital showing or implying anything adverse to the constructive delivery represented by the execution of a public

deed, and therefore it can not be maintained that either Cofresí or Gallardo did not have the possession of the property in question. The case of *Ferry* v. *Alomar et al.,* 15 P.R.R. 732, from which the appellant cites that part thereof where the viewpoint of the lower court is set forth, is adverse to the theory of the appellant, because although in the deed of sale involved in that case there were also assigned whatever rights the vendor had to recover damages by reason of the unlawful possession of the property by a third person, this Court held that such an assignment of rights did not show that the property had not been delivered. In *Fuertes* v. *Nogueras et al.,* 32 P.R.R. 264, it was also urged, as in the present case, that the purchaser had a right to (*a*) but not in (*en*) the property and that the physical possession had never been turned over to the purchaser, but this Court rejected that theory in view of the provisions of section 1365 of the Civil Code.

It does not appear from the evidence, as maintained by the appellant, that another person, Francisco Santiago, is in possession of the property. What it does appear is that Francisco Santiago is living there but that the appellant is the person in possession thereof, as stated by the two witnesses whom the court believed. Therefore, the evidence in support of the judgment is not insufficient.

Although the appellant set up no defense in his favor, in the answer to the complaint, there was admitted in evidence the deed of partnership of Quintana & Co. wherein no mention is made of any contribution of real estate to the partnership capital. Therefore, the instrument proves nothing either against the appellee or in favor of the appellant, since it does not show that Quintana & Co. is in possession of the property (supposing this is what was sought to be proved by said instrument), nor does it show, as claimed by the appellant in his brief, that it is not Domingo Quintana but the said partnership that owns properties in the ward of Candelero Abajo of Humacao, since the deed fails to mention the prop-

erties which it is proposed to cultivate between Humacao and Yabucoa.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.